78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James J. SUBRANNI, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3638.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1996.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 James J. Subranni petitions for review of a decision of the Merit Systems Protection Board, Docket No. PH-0351-94-0714-I-1, dismissing his appeal because it was untimely filed without good cause to excuse the delay. We affirm.
 
 BACKGROUND
 
 2
 Until January 9, 1993, Subranni was employed as a Manager, Business Center, for the United States Postal Service at grade EAS-18. At that time, as part of a restructuring of the Postal Service, Subranni was assigned to the position of Account Representative, which carried the same grade and pay. As a result of the restructuring, Subranni's former position was upgraded to EAS-20. Before his reassignment, Subranni applied for the upgraded position but was not selected.
 
 
 3
 On September 15, 1994, Subranni appealed to the Board, claiming that his reassignment was a constructive demotion, because the position from which he was reassigned was not a higher-graded position. As a demotion effected in the course of an agency reorganization, Subranni argued, the reassignment constituted a reduction-in-force (RIF) action and that, as a preference-eligible employee, he should have been afforded certain procedural rights (RIF rights) in connection with that action.
 
 
 4
 The administrative judge dismissed Subranni's appeal for lack of jurisdiction. The administrative judge ruled that there was no constructive demotion because additional duties had been added to Subranni's former position, and that Subranni was thus not entitled to RIF rights in connection with his reassignment.
 
 
 5
 The full Board vacated the administrative judge's decision and instead dismissed Subranni's appeal on the ground that it was untimely filed. The Board noted that under 5 C.F.R. § 1201.22(b) (1992) Subranni was required to file an appeal to the Board within 20 days of the challenged agency action. Subranni's appeal was filed more than 20 months after his reassignment, and thus was substantially out of time.
 
 
 6
 The Board held that Subranni failed to show good cause for his untimeliness under 5 C.F.R. § 1201.22(c). In particular, the Board found that Subranni knew even before the effective date of his reassignment that his former position would be upgraded. He therefore had reason to know at the time of his reassignment whether he considered it a constructive demotion and thus whether he wished to pursue an appeal. The Board also found that the Postal Service had no duty to provide Subranni notice of his right to appeal the reassignment to the Board, because Subranni never advised the Postal Service that he felt the reassignment was a constructive demotion.
 
 DISCUSSION
 
 7
 In his appeal to the Board, Subranni bore the burden to establish good cause for his untimely filing. Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed.Cir.1982). The determination whether an appellant has met his burden of showing good cause is committed to the Board's discretion. Id. at 1390. This court will reverse a Board finding of an absence of good cause for an untimely appeal only if the petitioner establishes that the Board's decision was arbitrary, capricious, or an abuse of discretion. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 8
 Subranni argues that he has shown good cause for his untimeliness because the Postal Service failed to advise him of his appeal rights when it reassigned him and because he filed his appeal once he became aware of his rights. A reassignment to a position of the same grade, however, is not facially appealable to the Board as a RIF or an adverse action. Dixon v. United States Postal Serv., 64 M.S.P.R. 445, 450 & n. 3, 451 (1994). In that setting, "the agency becomes obligated to inform the employee of his appeal rights, only after the employee puts the government on notice" that he views the agency action as one over which the Board would have appellate jurisdiction. Clark v. United States Postal Serv., 989 F.2d 1164, 1169 (Fed.Cir.1993); see McCormack v. United States, 204 Ct.Cl. 371, 380 (1974). The Postal Service was thus not required to notify Subranni that he could appeal his reassignment to the Board unless Subranni first alerted the Postal Service that he considered his reassignment to be a constructive demotion.
 
 
 9
 Furthermore, the Board found that at the time of his reassignment, Subranni knew the facts that he alleges made the reassignment a constructive demotion. In the Board's view Subranni therefore had all the information necessary to make an informed decision whether to appeal his reassignment. The Board's finding on that issue is supported by substantial evidence in the record, and its ruling on the good cause issue is not arbitrary or capricious. We therefore uphold the Board's decision refusing to find good cause for Subranni's untimely appeal.